OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the pro se brief filed by Appellant. Appellant Anthony Dixon appeals the decision of the Court of Common Pleas, Jefferson County, Ohio denying his motion to vacate his conviction and sentence. In its initial entry, from which Dixon did not appeal, the trial court found him guilty of one count of Possession of Drugs in violation of R.C. 2925.11 (A) and (c)(4)(d), a felony of the second degree, and sentenced him to a three year period of incarceration. Dixon now claims that the prosecution violated his constitutional rights by noting on the original indictment that three of the initial four counts had been nolled.
 {¶ 2} Dixon's claim fails for two reasons. First, Dixon has filed what in substance is a petition for post-conviction relief. Because it was filed ninth months after his conviction, it was not timely filed pursuant to R.C. 2953.21(A)(2). Second, because Dixon could have raised his arguments in a direct appeal, the challenge brought by Dixon was properly dismissed by the trial court based upon the doctrine of res judicata. Accordingly, the judgment of the trial court is affirmed.
 Facts {¶ 3} On July 9, 2003, Dixon was indicted for one count of drug trafficking in violation of R.C. 2925.03(A)(2) and (C)(4)(e), one count of drug possession in violation of R.C. 2925.11(A) and (c)(4)(d), and two counts of driving under suspension in violation of R.C. 4507.02(D). On November 20, 2003, Dixon pleaded guilty to one count of drug possession. At the same time, the prosecution nolled the remaining counts and indicated the change on the original indictment. The trial court sentenced Dixon to three years imprisonment. However, Dixon failed to appeal either his conviction or sentence. On August 26, 2004, nearly nine months after he was convicted, Dixon filed a motion to vacate and/or set aside his sentence. On July 30, 2004, the trial court overruled this motion without explanation and without a hearing.
 {¶ 4} As his sole assignment of error, Dixon claims:
 {¶ 5} "Did the trial court abuse its discretion when it allowed the state to amend and/or constructively change the Appellant's indictment without resubmitting the modified indictment before a grand jury, which said error violated Appellant's constitutional rights guaranteed by theFifth Amendment to the U.S. Constitution."
 {¶ 6} Dixon challenges the indictment based upon the prosecutor's notations on the indictment. More specifically, the prosecutor physically crossed out the three charges that were nolled by the plea agreement. Dixon claims this was a violation of his constitutional rights since a new indictment wasn't presented to the grand jury.
 Conversion of Motion to Vacate to Post-Conviction Petition {¶ 7} As a preliminary matter, Dixon first raised this claim in a motion to set aside or vacate his sentence. Because this type of motion is not specifically provided for under the law, it should be characterized as one requesting post-conviction relief.
 {¶ 8} This interpretation was used by the Ohio Supreme Court in Statev. Reynolds, 1997-Ohio-304, 79 Ohio St.3d 158, 679 N.E.2d 1131, in which the court held in its syllabus that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21."
 {¶ 9} In Reynolds, Appellant filed a "Motion to Correct or Vacate Sentence" with the trial court, asserting that the State failed to prove beyond a reasonable doubt an element of the charge in which he was convicted. Id. at 159. Since Reynolds alleged that his sentence was illegal or otherwise constitutionally repugnant and should be vacated, the court held that the motion, despite its caption, met the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1). The Ohio Supreme Court in State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10, followed the same analysis of the Reynolds court in stating, "[o]ur decision in Reynolds set forth a means by which courts can classify such irregular motions."
 {¶ 10} Accordingly, we will address this appeal as if it were filed from the denial of post-conviction relief. With that being said, we conclude that the trial court properly dismissed the petition without a hearing as it was untimely filed. Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." It is clear from the record that the petition was not filed within the proper time frame. Because Dixon failed to demonstrate that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, the trial court was not permitted to consider his petition. R.C. 2953.23(A)(1).
 Res Judicata {¶ 11} Furthermore, even if the petition were properly filed, Dixon's challenge would be barred for another reason. As mentioned, Dixon has challenged the validity of the indictment in this case based upon its alleged improper amendment. Because he challenges an alleged error that could have been raised in a direct appeal, his post-conviction claim would be barred by res judicata.
 {¶ 12} The doctrine of res judicata applies to petitions for post-conviction relief. State v. Perry (1967), 10 Ohio St.2d 175. Pursuant to this doctrine, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. Id. Because Dixon failed to raise this challenge at the first appropriate time, it is barred by res judicata.
 {¶ 13} Accordingly, the judgment of trial court denying Dixon's motion to vacate is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.