OPINION
{¶ 1} Defendant-appellant, Michael T. McGhee, appeals his conviction and sentence in the Jefferson County Common Pleas Court for resisting arrest and assault.
 {¶ 2} On September 11, 2002, a Jefferson County grand jury indicted appellant on three counts. Count One was for assault on a peace officer in violation of R.C. 2903.13(A)(3), a fourth-degree felony. Count Two was for resisting arrest involving harm to a law enforcement officer in violation of R.C. 2921.33(B), a first-degree misdemeanor. Count Three alleged that appellant "did knowingly cause or attempt to cause physical harm to KANDIE MCGHEE, in violation of Section 2929.25(A) of the Ohio Revised Code." The language of Count Three mimics the language of the offense of assault found in R.C. 2903.13(A). However, the revised code section referenced in the indictment, R.C. 2929.25(A), sets forth the offense of domestic violence. Both assault and domestic violence, without further specifications, are first-degree misdemeanors.
 {¶ 3} Appellant pleaded not guilty and the case proceeded to discovery and other pretrial matters. The case was set for trial on November 14, 2002. On the day of trial, appellant withdrew his plea of not guilty to Counts Two and Three of the indictment and pleaded guilty to both counts. Count One was tried to a jury and appellant was found not guilty on that count.
 {¶ 4} Following the jury's verdict, the trial court conducted the sentencing hearing on Counts Two and Three. On November 22, 2002, the trial court filed a judgment entry of sentence. After noting that appellant had pleaded guilty to resisting arrest in violation of R.C. 2921.33, the trial court noted that appellant had also pleaded guilty to assault in violation of R.C. 2903.13(A). The trial court sentenced appellant to six months in jail on each of the counts and ordered that the sentences be served consecutively. The trial court also suspended three months pending successful completion of a one year period of probation subject to specified conditions.
 {¶ 5} On August 16, 2004, seven hundred twenty-five days after the trial-2 court's judgment entry of sentence, appellant filed a motion to vacate/set aside judgment advancing three principal arguments. On December 1, 2005, the trial denied appellant's motion. This appeal followed.
 {¶ 6} During the pendency of this appeal, appellant had been granted an extension of time until June 1, 2006, to file his appellate brief. Appellant did not file his pro se brief until June 2, 2006. In its appellate brief, plaintiff-appellee, State of Ohio, argues that the appeal should be dismissed because appellant's brief is untimely. However, by subsequent entry, this Court granted appellant leave as of June 2, 2006, to file his brief.
 {¶ 7} Appellant sets forth two assignments of error in his merit brief advancing the identical arguments he made in his August 16, 2004 motion to vacate/set aside judgment. Since the resolution of both of appellant's assignments of error is the same, they will be addressed together.
 {¶ 8} Appellant's first assignment of error states:
 {¶ 9} "THE TRAIL [sic] ERRED IN DENYING APPELLANT'S MOTION TO VACATE/SET ASIDE JUDGMENT."
 {¶ 10} Appellant's second assignment of error states:
 {¶ 11} "APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 12} As a preliminary matter, it should be noted that appellant's August 16, 2004 motion to vacate/set aside judgment is not a motion specifically provided for under the law. State v. Dixon, 7th Dist. No. 04 JE 25, 2005-Ohio-2928, at ¶ 7. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." State v.Reynolds (1997), 79 Ohio St.3d 158, 160, 679 N.E.2d 1131.
 {¶ 13} Next, since appellant's motion was effectively a petition for postconviction relief, we must address the trial court's jurisdiction to entertain the-3 merits of appellant's petition. State v. Bryant, 7th Dist. No. 04-MA-109, 2005-Ohio5054. The requirement that a petition for postconviction relief be filed timely is jurisdictional. R.C. 2953.23(A) ('a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]'). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. State v. Beaver (1998), 131 Ohio App.3d 458, 461,722 N.E.2d 1046 (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).
 {¶ 14} R.C. 2953.21(A)(2) requires that petitions shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or, if no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Here, it is clear that appellant was significantly untimely in submitting his petition for postconviction relief and well outside the one hundred eighty day statutory requirement. The trial court filed its judgment entry of sentence on November 22, 2002. The time for filing the appeal expired on December 23, 2002. Appellant did not file a direct appeal. Therefore, appellant had until June 21, 2003 (one hundred eighty days from December 23, 2002) to file his petition. He did not file his petition until August 16, 2004 — four hundred twenty-two days too late.
 {¶ 15} Thus, R.C. 2953.23, which deals with untimely filed petitions, is applicable here.
 {¶ 16} "[A] court may not entertain a petition filed after the expiration of the period prescribed * * * unless both of the following conditions apply:
 {¶ 17} "(1) Either of the following applies:
 {¶ 18} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 19} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States-4 Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 20} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A).
 {¶ 21} In his petition, appellant did not provide a basis under R.C. 2953.21(A)(1)(a) or (b) which is a requirement to avoid the filing deadline. As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file an untimely petition for postconviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Bryant, 7th Dist. No. 04-MA-109, 2005-Ohio-5054; State v.Dixon, 7th Dist. No. 04 JE 25, 2005-Ohio-2928.
 {¶ 22} Accordingly, appellant's first and second assignments of error are without merit.
 {¶ 23} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.