OPINION
{¶ 1} Defendant-appellant, Ronald T. Simpson, appeals a decision of the Columbiana County Common Pleas Court denying his petition for postconviction relief.
 {¶ 2} On January 4, 2001, the East Palestine Police Department investigated two suspicious fires. Footprints left in the snow near the fires led to a home where appellant resided with his parents. A subsequent search of appellant's room yielded a sawed-off shotgun and cocaine.
 {¶ 3} A Columbiana County Grand Jury indicted appellant on one count of aggravated arson in violation of R.C. 2909.02(A)(2), two counts of arson in violation of R.C. 2909.03(A)(1), one count of possession of a controlled substance in violation of R.C. 2925.11(A), and one count of possession of a dangerous ordnance in violation of R.C. 2923.17(A). The case proceeded to two separate trials, one on the possession charges and the second on the aggravated arson and arson charges.
 {¶ 4} Prior to the trial on the possession charges, appellant filed a motion to suppress evidence of the sawed-off shotgun and cocaine. The trial court granted the motion in part, suppressing evidence of the cocaine. The case proceeded to a jury trial on the possession of a dangerous ordnance charge and appellant was found guilty. On May 3, 2001, the trial court sentenced appellant to an eight-month term of incarceration.
 {¶ 5} Appellant appealed that judgment to this Court on numerous grounds. Of particular relevance here, appellant argued that his sentence was improper. In his sixth assignment of error he argued that the trial court erred in sentencing him to a prison term rather than a community control sanction. In his seventh assignment of error, appellant argued that the trial court erred in sentencing him to more than the minimum term of six months. This Court found no merit to either assignment of error and affirmed appellant's conviction and sentence in all other respects. See State v. Simpson, 7th Dist. No. 01 CO 13, 2002-Ohio-1565, reconsideration overruled by State v. Simpson, 7th Dist. No. 01 CO 13, 2002-Ohio-3003, appeal not allowed by State v.Simpson, 96 Ohio St.3d 1469, 2002-Ohio-3910, 772 N.E.2d 1204. *Page 2 
 {¶ 6} In a separate trial, a jury found appellant guilty of one count of aggravated arson and one count of arson, and not guilty on one count of arson. On June 8, 2001, the trial court sentenced appellant to a seven-year term of incarceration for the aggravated arson conviction and a twelve-month term of incarceration for the arson conviction, to be served concurrently.
 {¶ 7} Appellant appealed that judgment to this Court on numerous grounds. Of particular relevance here, appellant argued that his sentence was improper. In his fifth assignment of error, appellant argued that the trial court erred in sentencing him to a prison term for the arson conviction because it did not specifically find that any of the factors listed in R.C. 2929.13(B)(1) (factors pertaining to offenders being sentenced for a fourth-degree felony) applied to him. In his sixth assignment of error appellant argued that the trial court erred in sentencing him to prison terms greater than the statutory minimum sentences under R.C. 2929.14. While acknowledging that the trial court made the necessary finding on the record to sentence him to a term of incarceration more than the minimum sentence, appellant argued that there was no basis for that finding because he had no history of arson convictions. This Court found neither of those assignments of error meritorious and affirmed appellant's conviction and sentence in all other respects. See State v. Simpson, 7th Dist. No. 01-CO-29, 2002-Ohio-5374, appealed not allowed by State v. Simpson,98 Ohio St.3d 1478, 2003-Ohio-974, 784 N.E.2d 711.
 {¶ 8} On June 27, 2006, five years after the trial court's respective judgment entries of sentence, appellant, proceeding pro se, filed a petition for postconviction relief asking the trial court to vacate his sentences based on the United States Supreme Court's decision inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and other related cases such as Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 and United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, including the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. The petition was directed to the sentences appellant received as a result of *Page 3 both trials. On June 29, 2006, the trial court denied the petition, without explanation. Appellant filed his timely notice of appeal on July 25, 2006.
 {¶ 9} Appellant, continuing to proceed pro se, has filed an appellate brief setting forth three "propositions" of law which, in substance, are essentially assignments of error. They will be addressed collectively since they all assert the same Blakely/Foster challenge that appellant made to his sentence below. They state, respectively:
 {¶ 10} "THE COLUMBIANA COUNTY TRIAL COURT FAILED IN ITS OBLIGATION TO CREATE A FINDING OF FACT AND OPINION OF LAW
 {¶ 11} "THE TRIAL COURT ERRORED IN SENTENCING MR. SIMPSON TO SEVEN YEARS EIGHT MONTHS IN PRISON WHEN IT SENTENCED HIM BASED UPON FINDINGS NOT SUPPORTED BY THE RECORD[.]"
 {¶ 12} "THE TRIAL COURT ERRED WHEN IT SENTENCED MR. SIMPSON TO A NON MINIMUM AND CONSECUTIVE SENTENCE BASED UPON FACTORS NOT FOUND BY A JURY OR ADMITTED BY MR. SIMPSON IN VIOLATION OF STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A JURY TRIAL, AND OR EVIDENTIARY HEARING WHILE IT WAS ALSO IN PLAIN ERROR PRUSUANT [sic] TO CRIMINAL RULE 52 (B)."
 {¶ 13} R.C. 2953.21(A)(2) requires that petitions shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or, if no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Here, it is clear that appellant was significantly untimely in submitting his petition for postconviction relief and well outside the one hundred eighty day statutory requirement. In appellant's direct appeals, the trial transcripts were filed May 30, 2001, and September 10, 2001, respectively. Therefore, appellant had until November 26, 2001, and March 9, 2002, respectively, to file his petition(s). He did not file the petition that is the subject of this appeal until June 27, 2006 — more than four years too late, considering either filing deadline date. *Page 4 
 {¶ 14} Thus, R.C. 2953.23(A), which deals with untimely filed petitions, is applicable here. It states, in pertinent part:
 {¶ 15} "[A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] * * * unless division (A)(1) or (2) of this section applies:
 {¶ 16} "(1) Both of the following apply:
 {¶ 17} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 18} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 19} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71
to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.
 {¶ 20} In his petition, appellant attempts to excuse the untimeliness of his *Page 5 
petition by relying on R.C. 2953.23(A)(1). For purposes of satisfying the first prong of R.C. 2953.23(A)(1), found under subsection (a), appellant alleged that the United States Supreme Court, inBlakely and other decisions, recognized a new federal or state right that applies retroactively to his "unconstitutional" sentence. However,Blakely does not represent the recognition of a new federal or state right that applies retroactively to appellant, thereby failing to satisfy the first prong for untimeliness under R.C. 2953.23(A)(1)(a).
 {¶ 21} In United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, the United States Supreme Court held that its ruling regarding the sentencing guidelines was not to be applied retroactively to cases on collateral review, but was to apply only to cases on direct review. Id. at 268. In addition, the Ohio Supreme Court stated inFoster that its ruling only applies to cases pending on direct review.Foster, at ¶ 104. Therefore, a Blakely argument cannot be the basis for a petition for postconviction relief because "a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." State v. Steffen,70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67, citing State v.Crowder (1991), 60 Ohio St.3d 151, 573 N.E.2d 652.
 {¶ 22} Next, appellant makes no attempt to establish the second prong of R.C. 2953.23(A)(1), which is found in subsection (b). Even assuming appellant could establish a new right, appellant cannot also establish the applicability of R.C. 2953.21(A)(1)(b). The constitutional claim appellant asserts in his petition does not involve his conviction. Rather it involves appellant's sentence and R.C. 2953.23(A)(1)(b) only contemplates constitutional challenges to death sentences. Appellant's sentences do not involve a death sentence. Therefore, R.C.2953.21(A)(1)(b) does not apply to appellant and R.C. 2953.21(A)(1) cannot be used to excuse the untimeliness of his petition.
 {¶ 23} In sum, appellant did not demonstrate that his untimely petition for postconviction relief should have been considered pursuant to the exception found in R.C. 2953.23(A)(1). The trial court was, therefore, without jurisdiction to consider his *Page 6 
untimely petition for postconviction relief and properly dismissed it. See State v. Bryant, 7th Dist. No. 04-MA-109, 2005-Ohio-5054; State v.Dixon, 7th Dist. No. 04 JE 25, 2005-Ohio-2928.
 {¶ 24} Accordingly, appellant's first, second, and third assignments of error are without merit.
 {¶ 25} The judgment of the trial court is hereby affirmed.
 Vukovich, J., and Waite J., concurs. *Page 1