OPINION *Page 2 
{¶ 1} Defendant-appellant Jeremy Garrett appeals the decision of the Belmont County Common Pleas Court, which denied his petition for post-conviction relief without an evidentiary hearing. On appeal, appellant presents issues surrounding the merits of his claims. However, he has failed to show that his petition was timely or that grounds exist for entertaining an untimely petition. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On February 6, 2006, a police officer's affidavit and complaint was filed in the Belmont County Court charging appellant with knowingly causing or attempting to cause physical harm to Barbara Jean Garrett, a family member (his wife), in violation of R.C. 2919.25(A). The complaint noted that the domestic violence offense was a third degree felony due to two prior convictions of domestic violence: one in Belmont County Court on March 16, 2001 and one in Belmont County Common Pleas Court on October 28, 2005.
 {¶ 3} Upon bind over to the Belmont County Common Pleas Court for grand jury indictment, appellant waived his right to indictment and agreed to proceed on a bill of information. The bill of information charged appellant with the same domestic violence charge set forth in the complaint and added a third degree felony charge of escape due to his breaking detention from the Eastern Ohio Correctional Center in violation of R.C. 2921.34(A)(1).
 {¶ 4} On February 28, 2006, appellant pled guilty as charged, and the state agreed to recommend a six-year sentence. The court accepted appellant's pleas after reviewing his various rights. The court then sentenced appellant to a maximum sentence of five years for third degree felony domestic violence to run consecutively to a minimum sentence of one year for third degree felony escape. (Appellant also admitted a community control violation at the hearing and was sentenced in that case to eighteen months to run concurrent to the sentences in this case.) The court's sentencing entry was filed on March 8, 2006. No appeal was filed from this entry. *Page 3 
 {¶ 5} On October 10, 2006, appellant filed a petition for post-conviction relief. He alleged that: the court should not have imposed consecutive sentences with a maximum sentence for domestic violence; the court failed to provide sufficient statutory findings and reasons at the sentencing hearing; Blakely prohibited such judicial fact-finding anyway; and he should have thus received minimum, concurrent sentences. He also claimed that he was originally planning to plead to escape and fourth degree felony domestic violence but the court instructed the prosecutor that the offense was a third degree felony due to the two prior convictions. He urged that this sua sponte statement constituted interference with the prosecutor's discretion. Finally, he urged that his prior counsel was ineffective for failing to raise the above issues.
 {¶ 6} On November 20, 2006, the trial court overruled appellant's petition without an evidentiary hearing. The court made lengthy findings of fact and conclusions of law. The court found that it made sufficient findings at the sentencing hearing and that the findings are no longer mandatory under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The court further stated that the record shows that appellant was originally charged with a third degree felony, not a fourth degree felony as he suggests. The court alternatively noted that the court is not bound by a plea agreement. The court also pointed out that it had in fact honored the prosecutor's recommended sentence. Next, the court stated that appellant's claims should have been raised on appeal and that he is barred by res judicata from raising issues in a post-conviction petition that could have been raised at trial or on appeal. See State v.Reynolds (1997), 79 Ohio St.3d 158, 161 (it is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised the issue on direct appeal).
 {¶ 7} Appellant filed timely notice of appeal from the denial of the post-conviction relief petition. He filed a pro se brief on March 29, 2007. Therein, appellant reiterates his arguments from below but adds multiple grounds for relief and factual allegations that were not presented to the trial court. After appellant's brief was filed, this court granted leave for newly retained counsel to file a supplemental brief, which was filed on May 10, 2007. This brief merely reiterates appellant's own arguments and adds a request for resentencing underFoster. *Page 4 
 {¶ 8} We note that in viewing the merits of an appellant's petition, the appellate court can only address those arguments presented to the trial court in the original petition; any new arguments cannot be considered for the first time on appeal. See, e.g., State v.Sheets, 4th Dist. No. 03CA24, 2005-Ohio-803, ¶ 29 (ineffective assistance of counsel cannot be raised for first time in appeal from denial of post-conviction petition); State v. Green, 7th Dist. No. 02CA35, 2003-Ohio-5142, ¶ 34 (where brief raised issues other than those set forth in petition submitted to trial court). And, as the trial court stated, issues that could have been raised in a direct appeal cannot be raised in a post-conviction petition. Reynolds, 79 Ohio St.3d at 161. Regardless of these barriers, there is the threshold problem of the untimeliness of appellant's post-conviction relief petition.
 TIMELINESS OF PETITION {¶ 9} Where no appeal was taken from the judgment of conviction, a post-conviction relief petition shall be filed no later than one hundred eighty days after the expiration of time for filing the appeal, except as otherwise provided in R.C. 2953.23. R.C. 2953.21(A)(2). The time for filing an appeal from a judgment of conviction is thirty days from the date the judgment was entered. App.R. 4(A).
 {¶ 10} In a footnote to his petition, appellant declared that his petition was timely because he had until October 9, 2006 to file the petition. His petition was filed on October 10, 2006, the Tuesday after Columbus Day. We cannot fathom how appellant arrived at the last date for filing. The sentencing entry was filed on March 8, 2006. The time for filing the appeal ended on Friday, April 7, 2006. One hundred eighty days after this date is Wednesday, October 4, 2006.
 {¶ 11} Consequently, appellant's petition had to be filed by Wednesday, October 4, 2006 in order to be considered timely. A petition filed on Tuesday, October 10, 2006 is untimely and calls for invocation of the provisions of R.C. 2929.53 rather than simply those contained in R.C. 2953.21.
 {¶ 12} Before invoking these provisions, we note that appellant's certificate of service states that he mailed the petition on October 4, 2006. Whether the prison's internal mailing actually received the petition on that day is unknown, and appellant does not allege this. Regardless, we are compelled to point out that there is no longer *Page 5 
a prisoner's mailbox rule in Ohio. State ex. rel Tyler v. Alexander
(1990), 52 Ohio St.3d 84, 84-85, refusing to adopt Houston v. Lack
(1988), 487 U.S. 266, and overruling State v. Williamson (1967),10 Ohio St.2d 195.
 {¶ 13} Rather, a document is considered filed only when it is received by the clerk of courts. See Alexander, 52 Ohio St.3d at 84-85. See, also, State v. Springs (Mar. 11, 1999), 7th Dist. No. 97CA68. Thus, where it is clear that the clerk did not receive the petition for post-conviction relief until after the day it was due, the petition is untimely. See, e.g., State v. Williams, 157 Ohio App.3d 374,2004-Ohio-2857, ¶ 10-12 (8th Dist.); State v. Buckwald (Dec. 20, 2000), 9th Dist. No. 98CA7267 (prisoner's petition two days late);Springs, 7th Dist. No. 97CA68 (prisoner's petition one week late);State v. Smith (1997), 123 Ohio App.3d 48, 50 (2d Dist.).
 {¶ 14} Lastly, in anticipation of any attempt to use a three-day mailing rule, we note that this rule only applies when a party is required to act within a prescribed period after service of notice upon him and when the notice is served by mail. Here, the time requirement to file the post-conviction relief petition does not run from the date ofservice of the criminal sentencing entry on the petitioner. Rather, it begins from the entry of judgment by the court, and then from the day the time for filing the appeal expired. App.R. 4(A). R.C. 2952.21(A)(2). The three-day mailing rule in Civ.R. 6(E) is thus inapplicable. For all of these reasons, appellant's petition was untimely.
 ENTERTAINING AN UNTIMELY PETITION {¶ 15} When an untimely petition is denied, findings of fact and conclusions of law are not required as in the case of the denial of a timely petition. State ex rel. Hach v. Summit Cty. Common PleasCourt, 102 Ohio St.3d 75, 2004-Ohio-1800, ¶ 9. See, also, R.C.2953.21(G). Moreover, an appellate court affirms a trial court's decision that is legally correct even if the appellate court uses grounds other than those set forth by the trial court. See, e.g.,State v. Peagler (1996), 76 Ohio St.3d 496, 501; Cook Family Invests. v.Billings, 9th Dist. Nos. 05CA008689, 05CA008691, 2006-Ohio-764, at ¶ 19. Thus, it is irrelevant that the trial court's findings and conclusions here do not deal with timeliness or the exceptions for untimely petitions. *Page 6 
 {¶ 16} Statutory, a court may not hear an untimely petition unless division (A)(1) or (2) of R.C. 2953.13 apply. R.C. 21953.23(A). Division (A)(2) deals with DNA testing, which is not at issue herein. Thus, appellant must demonstrate compliance with R.C. 2953.23(A)(1), which has two required prongs.
 {¶ 17} In establishing the first prong, the petitioner must show that he was unavoidably prevented from discovery of the facts upon which the petitioner relies to present his claim for relief. R.C.2953.23(A)(1)(a). In the alternative, the petitioner can also establish the first prong if he shows that subsequent to the timeliness period in R.C. 2953.21(A)(2), the United States Supreme Court recognized a relevant and new federal or state right that applies retroactively to those in the petitioner's situation. Id.
 {¶ 18} The petitioner must also establish the second prong of the test for entertaining an untimely petition. This requires a showing by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted, or if the claim challenges a death sentence, but for constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence. R.C. 2953.23(A)(1)(b).
 {¶ 19} First, appellant has not established that he was unavoidably prevented from discovering within two hundred ten days of the filing of his sentencing entry (180 + 30), the claims he raised in his petition. Specifically, he failed to demonstrate that he was unavoidably prevented from timely discovering his allegation that his sentence was too harsh. Likewise, he fails to show why he was unavoidably prevented from timely discovering that there may be a Blakely issue regarding Ohio's sentencing statutes. See Blakely v. Washington (2004), 542 U.S. 296. See, also, United States v. Booker (2005), 543 U.S. 220. In fact, the Ohio Supreme Court released Foster the day before his sentencing hearing, and over a week before his sentencing entry was released. Thus, he had over six months to discover that the United States Supreme Court's holdings were applicable to Ohio sentencing statutes. (In fact, he had time to discover Foster in time for a direct appeal.) Finally, appellant has not established that he was unavoidably prevented from timely discovering that the court allegedly interfered with the prosecutor's discretion to allow a plea to a third degree felony or *Page 7 
that his counsel should have objected to all of the foregoing issues. See R.C. 2953.23(A)(1)(a).
 {¶ 20} As for the second alternative in the first prong of the test for entertaining an untimely petition, appellant has not shown that the United States Supreme Court recognized a new retroactive right after the two hundred ten day period for filing a timely petition. See R.C.2953.23(A)(1)(a). The United States Supreme Court cases appellant cites were decided prior to his sentencing, let alone prior to the period for filing a timely post-conviction petition. As for Foster, this was an Ohio Supreme Court case, not a United States Supreme Court case. Moreover, it was decided months before the expiration of the time for filing a timely petition; as aforementioned, it was ruled on the day before appellant's sentencing. We also note that Foster is only retroactive for those cases pending on direct review. Foster,109 Ohio St.3d 1 at ¶ 104, 106. See, also, United States v. Booker (2005),543 U.S. 220 (only retroactive for those defendants with direct appeals from their convictions, not for post-conviction petitioners).
 {¶ 21} As such, appellant cannot establish either of the two alternative grounds within the first prong of the test for entertaining an untimely petition. If the first prong is not established, then the second prong need not be addressed since they are both required prongs.
 {¶ 22} Still, we continue by noting that the second prong plainly deals with errors at trial. Here, there was no trial. Most specifically, untimely post-conviction relief is not available for contesting sentencing issues, other than in death penalty cases. State v.Butler, 7th Dist. No. 06JE37, 2007-Ohio-2193, ¶ 16; State v. Dunn, 4th Dist. No. 06CA23, 2007-Ohio-854, ¶ 18; State v. Senu-Oke, 10th Dist. No. 05AP-1111, 2007-Ohio-756, ¶ 14; State v. Lucas, 3d Dist. No. 9-05-31,2006-Ohio-2508, ¶ 2; State v. Barkley, 9th Dist. No. 22351,2006-Ohio-1268, ¶ 11.
 {¶ 23} We also note that we have disallowed the raising ofFoster issues even in timely post-conviction petitions. State v.Mills, 7th Dist. No. 06BE17, 2007-Ohio-7077, ¶ 25, citingFoster, 109 Ohio St.3d 1 at ¶ 104, 106. See, also, State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642 (even defendant on direct appeal not entitled to Foster resentencing where he failed to raiseBlakely at sentencing). Furthermore, *Page 8 
appellant's petition did not establish by clear and convincing evidence that there was a constitutional error and that in the absence of this error, he would not have been found guilty. As mentioned supra, our review is constrained to the claims of the petition, not the new claims set forth only in the appellate brief.
 {¶ 24} For the foregoing reasons, appellant's petition was untimely, and appellant has failed to demonstrate the exceptions for entertaining an untimely petition. Accordingly, the trial court lacked jurisdiction to hear the petition. See State v. McGhee, 7th Dist. No. 05JE61,2006-Ohio-7081, ¶ 13; State v. Parks (Sept. 15, 1998), 7th Dist. No. 96JE47; R.C. 2953.23(A). The judgment of the trial court is thus affirmed.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1