[Cite as *State v. Moore*, 2011-Ohio-4546.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                                     :

    Plaintiff-Appellee                                        :

                                 C.A. CASE NO. 24378

v.                                                                      :        T.C. NO. 06CR2762

GREGORY MOORE                           :        (Criminal appeal from
                                                                                Common Pleas Court)

    Defendant-Appellant                                   :

                                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___9th___ day of ___September___, 2011.

. . . . . . . . . .

LAURA M. WOODRUFF, Atty. Reg. No. 0084161, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 108 Dayton Street, Yellow Springs, Ohio 45387
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Gregory Moore appeals from the decision of the Montgomery County Court of Common Pleas, denying his motion to withdraw his guilty plea. No hearing was conducted on said motion, and the trial court issued its written decision denying the motion on November 8, 2010. Moore filed a timely notice of appeal of the trial court's decision on December 6, 2010.

I

{¶ 2} On July 3, 2006, Moore was arrested at his residence after his five-year old granddaughter disclosed that she had performed oral sex on him. Moore was subsequently indicted on July 7, 2006, for one count of rape of a child under ten years old, in violation of R.C. 2907.02(A)(1), a felony of the first degree. At his arraignment on July 11, 2006, Moore stood mute, and the trial court entered a plea of not guilty on his behalf. Moore filed a motion to suppress statements he made to police on July 25, 2006. Shortly thereafter, the court held a hearing on the motion to suppress.[1]

{¶ 3} On October 27, 2006, Moore pled guilty to one count of rape of a child under thirteen and was sentenced to ten years in prison. Moore did not appeal his conviction and sentence. Approximately four years later on July 28, 2010, Moore filed a motion to withdraw his guilty plea. In a decision filed on November 8, 2010, the trial court denied Moore's motion.

{¶ 4} It is from this judgment that Moore now appeals.

II

{¶ 5} Moore's sole assignment of error is as follows:

---

[1]The trial court overruled Moore's motion to suppress in a written decision issued on December 14, 2006, almost two months after Moore pled guilty and was sentenced.

{¶ 6} "A PLEA THAT IS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL IS UNCONSTITUTIONAL UNDER THE U.S. AND OHIO CONSTITUTIONS."

{¶ 7} In his sole assignment of error, Moore contends that the trial court erred when it denied his motion to withdraw his plea without a hearing because he did not enter the plea in a knowing and voluntary fashion. Specifically, Moore argues that defense counsel was ineffective at the time of the suppression hearing for failing to fully exploit the information Moore provided regarding the multiple medications he was taking and their adverse effects on him on the day he was arrested and interrogated by police. Moore asserts that had evidence regarding his medications been adduced at the suppression hearing, "a more intelligent and knowing approach would have informed the plea process."

{¶ 8} Crim. R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. *State v. Bush* (2002), 96 Ohio St.3d 235, 2002-Ohio-3993. "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith* (1977), 49 Ohio St.2d 261. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. *State v. Adams* (1980), 62 Ohio St.2d 151, 157.

{¶ 9} When, as in the case before us, the movant seeks to withdraw his guilty plea after the trial court has imposed a sentence, he bears the burden of establishing the existence of a manifest injustice. *Smith*, 49 Ohio St.2d 261, ¶ 1 of the syllabus. A defendant can only establish a manifest injustice in "extraordinary cases." Id. at 264. A manifest injustice has

been defined by the Ohio Supreme Court as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208. A post-sentence motion to vacate a plea is only permitted in extraordinary circumstances because the "accused might be encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence was unexpectedly severe." *State v. Peterseim* (1980), 68 Ohio App.2d 211. "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different." *State v. Stevens*, Montgomery App. No. 19572, 2003-Ohio-6249, at ¶33, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 142. "Entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary." *State v. Kidd*, Clark App. No. 03CA43, 2004-Ohio-6784, at ¶16.

{¶ 10} Upon review, we conclude that the trial court did not abuse its discretion when it denied Moore's motion to withdraw his guilty plea. Initially, we note that Moore waited approximately four years after he pled guilty to file his motion to withdraw. Although there is no time limit for a motion to withdraw, "an undue delay between the occurrence of the alleged cause of a withdrawal of a guilty plea and the filing of a Crim. R. 32 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Harden*, Montgomery App. No. 23742, 2010-Ohio-5282, ¶18.

{¶ 11} Significantly, Moore has failed to establish that his trial counsel was

ineffective at the suppression hearing, as well as at the plea hearing. Notably, Moore has not provided us with a typed or printed copy of the transcript from either hearing so that we may properly review the record regarding his assigned error, as required by App. R. 9(A). App. R. 9(A) provides that " [w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." Absent such a transcript, we cannot determine whether the record supports findings the trial court made to support his factual determinations, and we must, therefore, accept these findings as an accurate representation of the testimony presented. Without a transcript, Moore's specific arguments necessarily fail. *State v. Smith*, Montgomery App. No. 20835, 2005-Ohio-5588, ¶9-10. We must, therefore, assume regularity in the proceedings. *State v. Morris*, Montgomery App. No. 21125, 2006-Ohio-2129.

{¶ 12} Assuming regularity in the trial court's proceedings, we will presume that the trial court conducted a full evidentiary hearing and gave Moore a full opportunity to be heard on his motion to suppress. We will also presume that Moore's guilty plea was entered knowingly, intelligently, and voluntarily. We note that Moore was originally charged with one count of rape of a child under ten years of age. This offense carried a maximum penalty of life imprisonment. Defense counsel, however, was able to negotiate a plea agreement which resulted in Moore pleading guilty to the rape of a child under the age of thirteen and a sentence of ten years in prison.

{¶ 13} In our view, the representations allegedly made by Moore's counsel to him with respect to his motion to suppress and/or guilty plea could have properly been the subject of a petition for post-conviction relief made pursuant to R.C. § 2953.21. *State v. Hartzell* (August 20, 1999), Montgomery App. No. 17499.

{¶ 14} "Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief. In 1996, the General Assembly limited the number of such petitions to but one, which must be filed within 180 days after the time for appeal has expired, absent certain narrow showings that R.C. 2953.23(A) requires. Since then, grounds formerly presented in support of petitions for post-conviction relief are now more frequently employed to support Crim. R. 32.1 motions, which are not subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief on those same grounds removes them from the form of extraordinary circumstance demonstrating a manifest injustice which is required for Crim. R. 32.1 relief." Id.

{¶ 15} In light of the foregoing, we find that Moore has failed to demonstrate a manifest injustice necessary for Crim. R. 32.1 relief. Thus, the trial court did not abuse its discretion when it overruled Moore's motion to withdraw his guilty pleas.

{¶ 16} Moore's sole assignment of error is overruled.

III

{¶ 17} Moore's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Laura M. Woodruff
George A. Katchmer
Hon. Mary L. Wiseman