[Cite as *State v. Thomas*, 2014-Ohio-2666.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.    2013-CA-11 |
| | : | |
| v. | : | Trial Court Case No.   2012-CR-78 |
| | : | |
| JUSTIN D. THOMAS | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of June, 2014.

. . . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. No. 0020615, Darke County Prosecuting Attorney, 504 South Broadway, Greenville, Ohio 45331
        Attorney for Plaintiff-Appellee

JUSTIN D. THOMAS, Inmate No. 669-190,Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Justin D. Thomas, appeals pro se from the decision of the Darke County Court of Common Pleas overruling his petition for postconviction relief. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On May 25, 2012, Thomas was indicted in Case No. 2012-CR-78 for one count of domestic violence, one count of having weapons while under disability, and one count of attempted murder. The charges arose from a May 7, 2012 domestic dispute between Thomas and his wife. During the dispute, Thomas hit his wife in the face and then attempted to shoot her with a 12-gauge shotgun as she was fleeing their home. Prior to the dispute, Thomas had been charged in Case No. 2011-CR-187 for aggravated robbery and abduction. The charges in that case stemmed from Thomas robbing his grandfather at gunpoint on September 6, 2011.

{¶ 3} Thomas initially pled not guilty to the all charges. Following his plea, the trial court ordered a competency evaluation to be performed, as Thomas had been previously diagnosed and medicated for Post-Traumatic Stress Disorder (PTSD). Based on that evaluation, the trial court found Thomas competent to stand trial.

{¶ 4} On October 15, 2012, Thomas entered into a combined plea agreement for both cases pending against him. Pursuant to the plea agreement, Thomas pled guilty in Case No. 2012-CR-78 to one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; and one count of felonious assault with a deadly

weapon in violation of R.C. 2903.11(A)(2), a felony of the second degree. In addition, Thomas pled guilty in Case No. 2011-CR-187 to one count of attempted abduction in violation of R.C. 2923.02, a felony of the fourth degree.

{¶ 5} At his combined plea and sentencing hearing, Thomas and the State jointly recommended that the trial court impose an aggregate prison term of four years and eleven months for both cases. Under the joint recommendation, Thomas would concurrently serve six months in prison for the domestic violence offense, two years in prison for having weapons under disability, and four years in prison for the felonious assault in Case No. 2012-CR-78. He would then serve a consecutive eleven-month prison term for the attempted abduction offense in Case No. 2011-CR-187. Both parties indicated on the record that they understood if the court were to impose the jointly recommended sentence, that the sentence may not thereafter be appealed pursuant to R.C. 2953.08(D)(1).

{¶ 6} On October 15, 2012, the trial court imposed the jointly recommended sentence, thereby sentencing Thomas to the agreed upon four years and eleven months in prison. Thomas did not directly appeal from his conviction and sentence; however, he filed multiple postconviction motions, including a motion to correct sentence filed on September 4, 2013. In that motion, Thomas argued: (1) the trial court erred in failing to merge his offenses at sentencing; (2) the trial court imposed consecutive sentences without making the findings required by R.C. 2929.14(C)(4); and (3) his guilty plea was not entered knowingly and voluntarily. The trial court issued a decision on September 27, 2013, overruling the motion.

{¶ 7} Thomas now appeals from the trial court's decision overruling his motion to correct sentence, raising three assignments of error for review.

## Assignments of Error Nos. I, II, and III

{¶ 8}    For purposes of convenience, we will address Thomas's three assignments of error together.   They are as follows:

I.      WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO MERGE COUNTS.

II.     WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PROVISIONS OF HOUSE BILL 86.

III.    WHETHER APPELLANT WAS DEPRIVED OF INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 9}    Under his first assignment of error, Thomas argues that the trial court erred in failing to merge his offenses at sentencing, claiming that they are allied offenses of similar import.    For his second assignment of error, Thomas argues that the trial court erred in imposing consecutive sentences without making the required findings under R.C. 2929.14(C)(4).  Finally, under his third assignment of error, Thomas argues that his trial counsel was ineffective in failing to give him competent advice during his plea and in coercing him to plead guilty while he was allegedly mentally incapable of entering a knowing and voluntary plea.    These assignments of error lack merit and will be overruled.

{¶ 10}    As noted earlier, Thomas appealed from the trial court's September 27, 2013 decision overruling his motion to correct sentence.   While Thomas's motion is not denominated a petition for postconviction relief under R.C. 2953.21, we will address it as such in our opinion, as it is well established that " '[c]ourts may recast irregular motions into whatever category

necessary to identify and establish the criteria by which the motion should be judged.' " *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 3, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.   (Other citations omitted.)

{¶ 11}   Petitions for postconviction relief are governed by R.C. 2953.21(A)(1)(a), which provides, in pertinent part, that:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.   The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 12}   R.C. 2953.21 also sets forth certain time constraints for filing petitions for postconviction relief.   Pursuant to section (A)(2) of the statute, if a defendant does not directly appeal his judgment of conviction, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."   R.C. 2953.21(A)(2).   "The trial court lacks jurisdiction to consider an untimely petition for postconviction relief, unless the untimeliness is excused under R.C. 2953.23(A)(1)."   *State v. Buennagel*, 2d Dist. Greene No. 2010 CA 74, 2011-Ohio-3413, ¶ 25, citing *State v. West*, 2d Dist. Clark No. 08 CA 102, 2009-Ohio-7057, ¶ 7.   "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for postconviction relief if (1) he was unavoidably prevented from discovering the facts

upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new right that applies retroactively to his situation." *Id*. " 'The phrase "unavoidably prevented" means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence.' " *Id*., quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. The defendant must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 13} In this case, Thomas was convicted and sentenced on October 15, 2012. According to App.R. 4(A), he had 30 days, or until November 14, 2012, to file a direct appeal from his conviction. Thomas failed to file a direct appeal with this court; therefore, he had 180 days from November 14, 2012 to file a petition for postconviction relief, which gave him until May 13, 2013 to do so. Thomas, however, did not file his petition until September 4, 2013, well after the statutory deadline. Accordingly, Thomas's petition is untimely.

{¶ 14} In addition, Thomas failed to demonstrate that he was permitted to file an untimely petition under R.C. 2953.23(A)(1). Specifically, he did not allege that he was unavoidably prevented from discovering the facts underlying the claims in his petition, which were: (1) the trial court failed to merge allied offenses of similar import at sentencing; (2) the trial court imposed consecutive sentences without making the required findings under R.C. 2929.14(C)(4); and (3) his guilty plea was not knowingly and voluntarily made. We fail to see how Thomas was prevented from discovering the facts underlying these claims given that he was present at his plea and sentencing hearings. As a further matter, the United States Supreme Court has not recognized a new right that applies retroactively to his situation. Accordingly,

the trial court lacked jurisdiction to rule on Thomas's petition based on its untimeliness.

{¶ 15} That said, even if Thomas's petition had been timely filed, the three claims advanced in his petition have no merit. As for his allied offense claim, in order for his convictions to merge, it must have been possible for Thomas to have committed the offenses in question with the same conduct and he must have in fact committed the offenses with the same conduct–"i.e. 'a single act, committed with a single state of mind.' " *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50, quoting *State v. Brown*, 119 Ohio St .3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). However, "if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Id*. at ¶ 51. "The Supreme Court of Ohio has interpreted the term 'animus' to mean 'purpose or, more properly, immediate motive.' " *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). (Other citations omitted.)

{¶ 16} Here, the record indicates that Thomas's domestic violence and felonious assault convictions arose from separate acts of Thomas hitting his wife in the face and then later attempting to shoot her as she left their home. Thomas's attempted abduction of his grandfather was also clearly a separate act, as it occurred on a separate date and involved a separate victim. Accordingly, these are not allied offenses that merge.

{¶ 17} With respect to Thomas's weapons under disability charge, this court has previously noted that even though a weapons under disability offense may be committed by the same conduct as a felonious assault, the offenses are not allied offenses if they are committed with a separate animus. *See Id.* at ¶ 41-43. Here, the record indicates that Thomas possessed

and stored multiple firearms in his home prior to the felonious assault on his wife. *See* Preliminary Hearing Trans. (May 16, 2012), p. 19. Because he had acquired multiple firearms prior to the felonious assault, it can be said that his choice to possess the firearms and his choice to fire one at his wife were clearly separate. Also, his intent to possess the firearms did not form immediately for purposes of committing the felonious assault. *See Grissom* at ¶ 44 (finding a separate animus because "the record is devoid of any evidence establishing that [the appellant] acquired the gun with an immediate intent to fire at [the victim] and that he had no other reason for acquiring the gun"); *compare State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489, ¶ 67 (finding "the crimes were not committed separately or with a separate animus because the evidence shows that [the appellant] obtained the gun with the immediate intent of shooting [the victim]; he had no separate animus in acquiring possession of the gun"). Under the facts of this case, Thomas's convictions for having weapons under disability and felonious assault are not allied offenses that merge.

{¶ 18} In addition, Thomas's claim that the trial court erred in failing to make the required consecutive sentence findings under R.C. 2929.14(C)(4) also lacks merit, because he jointly recommended his sentence to the trial court. The Supreme Court of Ohio has acknowledged that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25; *see also State v. Jefferson*, 10th Dist. Franklin No. 12AP-238, 2014-Ohio-11, ¶ 1-4 (finding the appellant cannot appeal from the trial court's

imposition of consecutive sentences given that the sentence was jointly recommended to the trial court). Given that Thomas and the State jointly recommended the sentence imposed by the trial court, the court was not required to independently justify its imposition of consecutive sentences.

{¶ 19} Likewise, Thomas's claim that his guilty plea was not entered knowingly and voluntarily also lacks merit. When a defendant seeks "to withdraw his guilty plea after the trial court has imposed a sentence, he bears the burden of establishing the existence of a manifest injustice." *State v. Moore*, 2d Dist. Montgomery No. 24378, 2011-Ohio-4546, ¶ 9, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A defendant can only establish a manifest injustice in 'extraordinary cases.' " *Id*., citing *Smith* at 264. The Supreme Court of Ohio has defined a manifest injustice as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "A post-sentence motion to vacate a plea is only permitted in extraordinary circumstances because the 'accused might be encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence was unexpectedly severe.' " *Moore* at ¶ 9, quoting *State v. Peterseim,* 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980).

{¶ 20} Here, Thomas's petition did not establish that his guilty plea resulted in a manifest injustice. His motion merely contained a bare assertion that his plea was not knowingly and voluntarily made. Contrary to this assertion, the plea hearing transcript establishes that Thomas indicated to the court that despite his mental health issues and medication, he understood the conversation he was having with the trial court, the information in the plea form, and the nature of the charges to which he was pleading guilty. *See* Plea and Sentencing Hearing Trans. (Oct. 15, 2012), p. 13-17. We also note that Thomas underwent a competency evaluation and

was found competent to stand trial.   Accordingly, Thomas's claim that he did not knowingly and voluntarily plead guilty has no merit.

{¶ 21}   Finally, as it relates to Thomas's claim alleging ineffective assistance of counsel, we note that this claim was not raised in his petition for postconviction relief, and therefore, is not properly before this court.   *See State v. Webb*, 2d Dist. Darke No. 06-CA-1694, 2007-Ohio-3446, ¶ 1; *see also State v. Garrett*, 7th Dist. Belmont No. 06 BE 67, 2007-Ohio-7212, ¶ 8 ("the appellate court can only address those arguments presented to the trial court in the original petition; any new arguments cannot be considered for the first time on appeal").   However, even if Thomas had raised the ineffective assistance claim in his petition, the record belies his claim.   At his plea hearing, Thomas informed the trial court that he was satisfied with his counsel's advice and skills. *See* Plea and Sentencing Hearing Trans. (Oct. 15, 2012), p. 16.   He also told the court that his counsel was competent and worked diligently for his interests.  *Id*.

{¶ 22}   Because Thomas's petition for postconviction relief was untimely and otherwise lacks merit, it was not erroneous for the trial court to overrule the petition.   Therefore, Thomas's first, second, and third assignments of error are overruled.


**Conclusion**

{¶ 23}   Having overruled Thomas's three assignments of error, the judgment of the trial court is affirmed.


. . . . . . . . . . . .

FAIN and HALL, JJ., concur.


Copies mailed to:

R. Kelly Ormsby, III
Justin D. Thomas
Hon. Jonathan P. Hein