[Cite as *State v. Jackson*, 2012-Ohio-4280.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97809

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MAURICE JACKSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-390243

BEFORE:   Celebrezze, P.J., Jones, J., and Cooney, J.

RELEASED AND JOURNALIZED:   September 20, 2012

**ATTORNEY FOR APPELLANT**

Michael A. Partlow
112 S. Water Street
Suite C
Kent, Ohio   44240


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Maurice Jackson, brings his sixth appeal concerning his convictions for rape and kidnapping stemming from an April 9, 2000 incident involving the forcible rape of a child under the age of 13. Appellant now claims that the trial court erred in denying his third motion to withdraw his guilty plea. After a thorough review of the record and law, we affirm the trial court's decision.

I. Factual and Procedural History

{¶2} Appellant was indicted on April 18, 2000, on charges of rape of a child under the age of 13, with a sexually violent predator specification; kidnapping, with a sexually violent predator specification; and gross sexual imposition. The charges stemmed from the forcible rape of an 11-year-old household member on April 9, 2000. Appellant initially pled not guilty, but after some pretrials, agreed to plead guilty to rape and kidnapping in exchange for the state amending the indictment to remove the age of the victim, the sexually violent predator specification, and the gross sexual imposition charge.

{¶3} On September 20, 2000, appellant entered his guilty pleas and was immediately sentenced to a prison term of nine years for rape, a violation of R.C. 2907.02, and eight years for kidnapping, a violation of R.C. 2905.01. These terms were imposed consecutive to each other for an aggregate sentence of 17 years. Appellant did not take an appeal from his convictions.

**{¶4}** On March 16, 2001, appellant filed a motion with the trial court titled, "motion to review sentence." This motion was denied by the trial court on March 29, 2001. On June 14, 2001, appellant filed his first motion to withdraw his guilty pleas, which he later amended on July 16, 2001. The original motion was denied by the trial court on July 20, 2001, and the amended motion was denied on August 1, 2001. On August 21, 2001, appellant attempted to appeal those decisions. This court dismissed the appeal for failure to file the record. On March 12, 2003, appellant sought leave to file a delayed appeal, which was denied by this court on March 17, 2003.

**{¶5}** Next, on October 18, 2005, appellant filed a motion to "merge allied offenses." The trial court denied appellant's motion on October 24, 2005. Appellant appealed the denial to this court on November 21, 2005. This appeal was again dismissed for failure to file the record on January 27, 2006.

**{¶6}** On June 4, 2009, appellant filed a motion "to merge allied offenses pursuant to Revised Code 2941.25." The state opposed the motion, and the trial court denied it on June 22, 2009. Appellant then filed an untimely appeal on September 10, 2009. This court dismissed the appeal, and appellant then sought leave to file a delayed appeal on September 17, 2009. Leave was denied by this court on September 19, 2009.

**{¶7}** Appellant next filed another motion to withdraw his guilty pleas pursuant to Crim.R. 32.1 on January 19, 2010. The state opposed the motion, and the motion was apparently denied although evidence of the denial is lacking in the lengthy record.

Appellant attempted to file a delayed appeal of that decision, but was denied leave by this court on September 7, 2010.

{¶8} Appellant then filed a motion "to impose valid sentence" on June 2, 2011. The state opposed the motion, but also moved the court for a hearing to properly impose postrelease control. After a hearing was scheduled on the state's postrelease control motion, appellant filed a motion to withdraw only his guilty plea to kidnapping on November 8, 2011. A hearing was held on appellant's motion to withdraw his guilty plea on November 21, 2011, and the court held in abeyance the state's motion pending the result of this hearing. The trial court denied the motion on December 8, 2011, and has yet to hold a hearing pursuant to the state's motion to address postrelease control.

{¶9} Appellant timely appealed from this denial on January 6, 2012, assigning one error for review: "The trial court erred and abused its discretion in denying the appellant's motion to withdraw his plea."

## II. Law and Analysis

{¶10} Crim.R. 32.1 provides, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶11} Appellant argues here and below that his motion to withdraw should be treated as a presentence motion because his sentence is void.

> In *State v. Boswell*, 121 Ohio St.3d 575, 576, 2009-Ohio-1577, 906 N.E.2d
> 422, the Ohio Supreme Court held that a motion to withdraw a guilty plea

filed after the imposition of a void sentence must be considered as a presentence motion under Crim.R. 32.1 and be freely and liberally granted.

*State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, ¶ 8. However, the court has reconsidered that position.

**{¶12}** Appellant's original sentencing journal entry does not properly inform him of postrelease control, rendering that part of his sentence void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. Therefore, only that portion of his sentence related to postrelease control is reviewable on appeal. *Id*. at ¶ 27.

**{¶13}** Appellant's attempts to distinguish *Fischer* are unavailing. Although *Fischer* does not address the standard under which a motion to withdraw should be gauged, it clearly indicates that "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at paragraph three of the syllabus. The Ohio Supreme Court has determined that, although a sentence may lack proper postrelease control, the only issues appealable from a resentencing are those that arose as a result of the resentencing. This leaves in place the decisions of prior appeals and indicates that those decisions are not void. An appeal from resentencing after a void sentence has been imposed is not the first appeal, and questions that were or could have been raised in them will not be addressed or addressed again. The application of this holding to the present case is in line with this court's Crim.R. 32.1 jurisprudence. *See Fountain* at ¶ 9 ("the application of res judicata to a motion to withdraw is not impacted by a void sentence").

**{¶14}** Appellant also argues that his sentence is void because he was sentenced for multiple offenses that are allied, in violation of the Double Jeopardy Clause of the federal and state constitutions. A failure to merge allied offenses at sentencing does not render a sentence void. *State v. Kelly*, 8th Dist. No. 97673, 2012-Ohio-2930, ¶ 5. Rather, the sentence is voidable, and "[i]n contrast to a void judgment, res judicata applies to a voidable judgment." *State v. Gibson*, 8th Dist. No. 96117, 2011-Ohio-3074, ¶ 28, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30 ("res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence").

**{¶15}** Additionally, appellant has already made these arguments in many prior motions to the trial court and has failed to preserve them by perfecting a timely appeal. Res judicata bars appellant from asserting allied offense arguments as grounds for his motion.

**{¶16}** Therefore, in order to succeed, appellant must demonstrate a manifest injustice necessitating withdrawal of his plea. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Shupp*, 2d Dist. No. 06CA62, 2007-Ohio-4896, ¶ 6. Whether a defendant has shown manifest injustice is within the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the

syllabus. Accordingly, an appellate court will review a trial court's denial of a motion to withdraw a guilty plea using an abuse of discretion standard. *State v. Nathan*, 99 Ohio App.3d 722, 725, 651 N.E.2d 1044 (3d Dist.1995). To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶17} Appellant has failed to demonstrate that a manifest injustice exists based on evidence in the record not known at the time he could have and did file earlier appeals. Appellant claims res judicata does not bar his arguments here and below because all the evidence surrounding allied offenses was adduced at the hearing on his most recent motion. However, he is incorrect.

{¶18} Appellant failed to file a transcript of his plea or sentencing hearing, which would support this claim. Simply producing the transcript from appellant's sentencing hearing or an App.R. (9)(C) statement of the evidence would demonstrate this error, and appellant's testimony at the motion hearing is not new evidence or required to demonstrate the error. It presents nothing outside of his understanding at the time an appeal should have been filed from his sentence.

{¶19} Appellant has not supported his allegation that the trial court did not consider the issue of allied offenses at his sentencing hearing.[1] Therefore, appellant's sentence is not clearly contrary to law, and no manifest injustice has been demonstrated.

---

[1] Although no transcript is included and the veracity of the statement cannot be verified, the state indicates in its brief in opposition to one of appellant's motions to withdraw his pleas that appellant specifically agreed to the multiple consecutive

**{¶20}** This is appellant's sixth appeal to this court, although this is the only one not dismissed as untimely or for failure to file a record, and the alleged error that appellant's convictions are allied offenses of similar import was known at the time of sentencing and at the time appellant could have timely appealed. He did not, and these claimed errors are therefore barred by res judicata. As this court has previously stated, "appellant's multiple, successive attempts to withdraw his plea based on information known at the time he instigated his direct appeal bars further litigation." *State v. Cobb*, 8th Dist. No. 93404, 2010-Ohio-5118, ¶ 12, citing *State v. Tate*, 8th Dist. No. 93936, 2010-Ohio-2357, ¶ 7-9; *Fountain,* 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, at ¶ 8-11.

### III. Conclusion

**{¶21}** Appellant's multiple attempts to withdraw his pleas, based on information known at the time a direct appeal could have been taken, shows that no manifest injustice exists in this case. Further, even if this motion were appropriately brought, appellant has failed to support his claim of manifest injustice by offering a transcript of his plea or sentencing hearing demonstrating that the trial court did not consider whether his convictions are allied offenses of similar import. Therefore, the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motion. The trial court should now take up the state's pending motion regarding postrelease control.

---

prison terms imposed as part of the plea agreement. Such a plea agreement is not contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29. But, it also does not mean a trial court may skip the mandatory allied offense analysis unless the plea agreement specifically indicates the crimes were committed separately or with a separate animus. *Id.* at ¶ 29, 31-33.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
COLLEEN CONWAY COONEY, J., CONCUR