[Cite as *State v. Jackson*, 2014-Ohio-927.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99929

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-390243

**BEFORE:**  Boyle, A.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    March 13, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Kristen L. Sobieski
         T. Allan Regas
         Amy E. Venesile
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Maurice Jackson, appeals from the trial court's judgment denying his motion to vacate void sentence. He raises two assignments of error for our review:

> 1. The trial court erred in concluding that Jackson's rape and kidnapping offenses were not allied offenses of similar import.

> 2. The trial court erred in refusing to remedy a due process violation that arose when the trial court failed to advise Maurice Jackson and effectively denied Maurice Jackson's right to a direct appeal.

{¶2} We find no merit to Jackson's appeal and affirm the trial court's judgment.

Procedural History and Factual Background

{¶3} Jackson was indicted in April 2000, on three counts of rape of a child under the age of 13, kidnapping, and gross sexual imposition. The rape and kidnapping counts carried sexually violent predator and notice of prior conviction specifications.

{¶4} On September 20, 2000, Jackson entered into a plea negotiation with the state. In exchange for pleading guilty to rape and kidnapping, the state agreed to amend the indictment to remove the age of the victim, the sexually violent predator and notice of prior conviction specifications, and the gross sexual imposition charge. As part of his plea deal, Jackson agreed to a 17-year sentence, with nine of those years being imposed for the rape charge and eight of those years being imposed for the kidnapping charge, to be served consecutive to each other.

{¶5} After accepting Jackson's guilty plea, the trial court sentenced Jackson to 17 years in prison as set forth in the plea agreement. The trial court further classified Jackson as a sexually oriented offender. Jackson did not directly appeal his convictions or sentence.

{¶6} On March 16, 2001, Jackson filed his first motion titled, "motion to review sentence," arguing that his sentence was contrary to law because his rape and kidnapping offenses were allied offenses of similar import. The trial court denied this motion on March 29, 2001.

{¶7} On June 14, 2001, Jackson filed his first motion to withdraw his guilty plea. The trial court denied it on August 1, 2001. On August 21, 2001, Jackson attempted to appeal the decision. This court, however, dismissed the appeal for failure to file the record.

{¶8} On March 12, 2003, appellant sought leave to file a delayed appeal, which was denied by this court on March 17, 2003.

{¶9} On October 18, 2005, Jackson filed a motion to "merge allied offenses." The trial court denied his motion on October 24, 2005. Jackson appealed the denial to this court on November 21, 2005. This appeal was again dismissed for failure to file the record on January 27, 2006.

{¶10} On June 4, 2009, Jackson filed a motion "to merge allied offenses pursuant to Revised Code 2941.25." The state opposed the motion, and the trial court denied it on June 22, 2009. Jackson filed an untimely appeal of this judgment on September 10,

2009. This court dismissed the appeal, and Jackson sought leave to file a delayed appeal on September 17, 2009. Leave was denied by this court on September 19, 2009.

{¶11} Jackson next filed another motion to withdraw his guilty plea pursuant to Crim.R. 32.1 on January 19, 2010. The state opposed the motion, and the motion was apparently denied although evidence of the denial is lacking in the lengthy record. Appellant attempted to file a delayed appeal of that decision, but was denied leave by this court on September 7, 2010.

{¶12} Jackson filed a motion "to impose valid sentence" on June 2, 2011. The state opposed the motion, but also moved the court for a hearing to properly impose postrelease control. Before the hearing was held, Jackson filed another motion to withdraw his guilty plea to kidnapping, but not his guilty plea to rape. The trial court held a hearing on November 21, 2011, after which it denied Jackson's motion to withdraw his kidnapping plea. The trial court did not address the state's motion regarding postrelease control.

{¶13} Jackson appealed, arguing that the trial court erred when it denied his motion to withdraw his kidnapping plea. This court found that the trial court did not abuse its discretion when it denied Jackson's motion to withdraw his kidnapping plea, but we instructed the trial court to address the outstanding issue of postrelease control. *See State v. Jackson*, 8th Dist. Cuyahoga No. 97809, 2012-Ohio-4280, ¶ 21.

{¶14} Upon remand, the state filed a renewed motion for imposition of postrelease control. Jackson filed a motion to vacate void judgment pro se, but then his new counsel

also filed a brief in support of Jackson's motion. The trial court held a hearing on the state's and Jackson's motions. At this hearing, Jackson argued that his rape and kidnapping offenses were allied offenses of similar import and that he was never advised of his appellate rights at his original sentencing hearing.

**{¶15}** The trial court denied Jackson's motion to vacate void judgment, and properly advised Jackson about postrelease control. It is from this judgment that Jackson appeals.

<u>Untimely and Successive Petition for Postconviction Relief</u>

**{¶16}** A vaguely titled motion, including a motion to correct or vacate a sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). After review, we find that Jackson's motion meets these four requirements. Accordingly, we shall construe Jackson's motion to vacate void judgment as a petition for postconviction relief. *See also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473.

**{¶17}** R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *See*

*State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48.   The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions.   R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

{¶18} R.C. 2953.21 provides that a petition for postconviction relief must be filed within 180 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 180 after the expiration of the time in which a direct appeal could have been filed.

{¶19} Here, Jackson did not file his motion until well beyond the 180 days after the expiration of the time to file his direct appeal.   He also filed several previous petitions.

{¶20} R.C. 2953.23(A)(1) permits a trial court to entertain an untimely or successive petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

R.C. 2953.23(A)(1)(a).   If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he was convicted.   R.C. 2953.23(A)(1)(b).

**{¶21}** Therefore, unless it appears from the record that Jackson was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Jackson and that but for constitutional error at trial, no reasonable factfinder would have found Jackson guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

Analysis

**{¶22}** In this case, Jackson does not even allege, let alone establish, any of the requirements necessary to bring a successive and untimely petition for postconviction relief. Jackson does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. Nor does he claim that "but for constitutional error at trial, no reasonable factfinder would have found Jackson guilty." Accordingly, we conclude that the trial court was without jurisdiction to address Jackson's petition.

**{¶23}** The state also points out that Jackson's argument — that his rape and kidnapping offenses are allied offenses of similar import — is barred by res judicata. We agree. Indeed, in Jackson's last appeal, this court agreed that the issue of whether his rape and kidnapping offenses were allied offenses of similar import was barred by res judicata because he did not file a direct appeal. *See Jackson*, 8th Dist. Cuyahoga No. 97809, 2012-Ohio-4280, at ¶ 14-15, where we explained:

Appellant also argues that his sentence is void because he was sentenced for multiple offenses that are allied, in violation of the Double Jeopardy Clause of the federal and state constitutions. A failure to merge allied offenses at sentencing does not render a sentence void. *State v. Kelly*, 8th Dist. No. 97673, 2012-Ohio-2930, ¶ 5. Rather, the sentence is voidable, and "[i]n contrast to a void judgment, res judicata applies to a voidable judgment." *State v. Gibson*, 8th Dist. No. 96117, 2011-Ohio-3074, ¶ 28, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30 ("res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence").

Additionally, appellant has already made these arguments in many prior motions to the trial court and has failed to preserve them by perfecting a timely appeal. Res judicata bars appellant from asserting allied offense arguments as grounds for his motion.

**{¶24}** Jackson's two assignments of error are overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
MARY EILEEN KILBANE, J., CONCUR