[Cite as *State v. Stevens*, 2014-Ohio-1703.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13AP0003 |
| TIMMY STEVENS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Morgan County Court of
Common Pleas, Case No. 12CR0024


JUDGMENT:    Affirmed in part, Reversed in part
and Remanded


DATE OF JUDGMENT ENTRY:    April 17, 2014


APPEARANCES:


For Plaintiff-Appellee        For Defendant-Appellant


MARK J. HOWDYSHELL        PETER N. CULTICE
Prosecuting Attorney        Cultice Law Firm
19 East Main Street        58 North Fifth Street
McConnelsville, Ohio 43756        Zanesville, Ohio 43701

*Hoffman, P.J.*

{¶1}   Defendant-appellant Timmy Stevens appeals his conviction and sentence entered by the Morgan County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}   Following a jury trial, Appellant was convicted of murder, in violation of R.C. 2903.02(A), including a firearm specification; felonious assault, in violation of R.C. 2903.11(A)(2), including a firearm specification; tampering with evidence, in violation of R.C. 2921.12;  theft of an automobile, in violation of R.C. 2913.02(A)(2); abuse of a corpse, in violation of R.C. 2927.01(B); and having weapons under disability, in violation of R.C 2923.13(A)(2).  Appellant was also found to be a repeat violent offender.

{¶3}   The convictions stemmed from an incident on June 12, 2012 in which Appellant engaged in an argument with John Davis.  The argument evolved into a physical altercation involving guns.  Appellant fired a gun into a car where John Davis was sitting, striking him in the head.  Three shots were fired, one entering the skull of John Davis.  Another shot bounced around the car and struck a minor child who was also in the car.

{¶4}   At sentencing, the trial court stated,

{¶5}   "The Court finds Michael Mayle, the victim of the Felonious Assault count and who was two years of age at the time of the offense, suffer [SIC] serious physical harm as a result of a gunshot wound to the leg.

{¶6} "Therefore, in accordance with the purposes and principles of sentencing as set forth in Section 2929.11 R.C., et. seq. and in accordance with law and based upon the facts and circumstances of this case the Court enters the following Orders."

{¶7} The trial court imposed an indefinite term of incarceration of 15 years to life for the murder conviction, with a three year mandatory term for the firearm specification and a ten year definite term for the repeat violent offender specification. For the felonious assault conviction, the trial court imposed an eight year term of incarceration, with a definite term of three years for the firearm specification and an eight year definite term for the repeat violent offender specification. The trial court ordered the sentence for murder and the specifications thereto to run consecutive to the sentence for felonious assault and the specifications thereto.

{¶8} The trial court imposed a definite term of 36 months for having weapons under disability, a definite term of 36 months for tampering with evidence, a definite term of 12 months for abuse of a corpse, with the sentences to run concurrent.

{¶9} On July 23, 2013, Appellant filed a motion for new trial asserting juror Noah Matthews failed to disclose during voir dire, despite inquiry of defense counsel, his sister's murder. The trial court denied the motion for new trial without conducting an evidentiary hearing.

{¶10} Appellant appeals, assigning as error:

{¶11} "I. THE TRIAL COURT ERRED BY NOT GRANTING A NEW TRIAL TO DEFENDANT IN LIGHT OF THE FACT THAT A JUROR DELIBERATELY CONCEALED INFORMATION FROM DEFENSE COUNSEL DURING VOIR DIRE

WHICH INFORMATION, IF REVEALED, WOULD HAVE HAD THE JUROR EXCUSED 'FOR CAUSE'.

{¶12} "II. THE TRIAL COURT ERRED IN NOT MERGING THE CHARGES OF MURDER AND FELONIOUS ASSAULT FOR SENTENCING PURPOSES."

I.

{¶13} In the first assignment of error, Appellant maintains the trial court erred in denying the motion for new trial where a juror allegedly concealed the violent murder of his sister which, if revealed, would have lead to the juror being excused.

{¶14} Ohio Criminal Rule 33, provides,

{¶15} "(A) Grounds

{¶16} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

{¶17} "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

{¶18} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

{¶19} "(3) Accident or surprise which ordinary prudence could not have guarded against;

{¶20} "(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included

therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

{¶21} "(5) Error of law occurring at the trial;

{¶22} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."

{¶23} The Ohio Supreme Court held in *Grundy v. Dhillon*, 120 Ohio St.3d 415, 900 N.E.2d 153, 2008-Ohio-6324,

{¶24} "For all of the reasons discussed in this opinion, we hold that to obtain a new trial in a case in which a juror has not disclosed information during voir dire, the moving party must first demonstrate that a juror failed to answer honestly a material question on voir dire and that the moving party was prejudiced by the presence on the trial jury of a juror who failed to disclose material information. To demonstrate prejudice, the moving party must show that an accurate response from the juror would have provided a valid basis for a for-cause challenge. We also hold that in determining whether a juror failed to answer honestly a material question on voir dire and whether that nondisclosure provided a basis for a for-cause challenge, an appellate court may

not substitute its judgment for the trial court's judgment unless it appears that the trial court's attitude was unreasonable, arbitrary, or unconscionable."

**{¶25}** Prior to the beginning of voir dire and the commencement of trial, herein the trial court stated on the record,

**{¶26}** "THE COURT: Here in a moment I'm going to ask you some questions, and I want you to understand that these questions are not designed to pry into your personal affairs, but they are to discover whether you have any knowledge about this case, or whether you have any preconceived opinions that you can't set aside, or whether you've had any experience in your life that might cause you to identify with either the State of Ohio or the defendant in this case."

**{¶27}** Tr. at 15.

**{¶28}** On voir dire, defense counsel inquired of the prospective jurors,

**{¶29}** "MR. MEYERS: How about family and friends? Who's had a person you would call close, whether friend, family, now or formerly, good friend that was a victim of a violent offense?

**{¶30}** "(NO RESPONSE)"

**{¶31}** Tr. at 63.

**{¶32}** Finally, in concluding voir dire, defense counsel stated,

**{¶33}** "MR. MEYERS: ***Does anybody else have anything that they would like to offer up? Any other recollection that sometimes questions prompt memories, recollection to say either side?

**{¶34}** "(NO RESPONSE)"

**{¶35}** Tr. at 79.

{¶36} Attached to the July 23, 2013 Motion for New Trial, Attorney Gregory W. Meyers submitted an affidavit averring, based upon information received after the jurors reached a guilty verdict, he learned Noah Matthews, an impaneled juror, failed to disclose his sister, Abi Shalom Matthews, had been the victim of a particularly brutal rape and murder in 2009. Attorney Meyers further averred had he known Noah Matthews suffered this tragedy in his family, he would have moved to excuse the juror for cause and failing that, would have removed him by way of peremptory challenge.

{¶37} Attached to the Motion for New Trial and the Affidavit of Gregory W. Meyers was the obituary of Abi Shalom Matthews of Malta, Ohio. The obituary indicates Abi Shalom Matthews is survived by relatives, including Noah Matthews of Malta, Ohio.

{¶38} We find based upon the above, the juror's failure to respond during voir dire to the question presented by defense counsel despite his family history warrants a hearing to determine whether the juror's failure to respond materially prejudiced Appellant's substantial rights. We note Appellant must demonstrate an accurate response would have provided a valid basis for a for-cause challenge. We interpret such as not merely providing a basis to challenge, but further to demonstrate the for-cause challenge would have been successful, despite any rehabilitation of the juror. Accordingly, we remand the matter to the trial court for further proceedings in accordance with the law and this opinion.

{¶39} The first assignment of error is sustained.

II.

**{¶40}** In the second assignment of error, Appellant asserts the charges of murder and felonious assault should have merged for purposes of sentencing herein. We disagree.

**{¶41}** R.C. 2941.25 reads,

**{¶42}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶43}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶44}** The Ohio Supreme Court has established a two-step test to determine whether offenses are allied offenses of similar import under R.C. 2941.25(A). First, we must examine "whether it is possible to commit one offense and commit the other with the same conduct." *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061, ¶ 48. If the answer is yes, we must then determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 49, 942 N.E.2d 1061, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting).

{¶45} The Eighth District Court of Appeals recently addressed the issue of merger involving multiple victims in *State v. Rogers,* 994 N.E.2d 499, 2013–Ohio–3235, holding,

{¶46} "In CR–553806, the two counts of receiving stolen property in the indictment revealed property taken from two distinct victims from two separate houses apparently taken during burglaries that occurred the same day. Rogers argued on appeal that these acts were identical, so they should have been merged at sentencing.

{¶47} "Even without facts to analyze Rogers's conduct, we can determine from the face of these convictions that these offenses were not subject to merger. A review of the elements of the receiving stolen property charges shows an offender must have 'receive[d], retain[ed], or disposed of property of another, knowing or having reasonable cause to believe that it has been obtained through commission of a theft offense.' R.C. 2913.51.

{¶48} "Separate victims alone established a separate animus for each offense. Even if the defendant cannot distinguish one victim's goods from another's does not mean his conduct did not impact multiple victims. Each victim has a specific and identifiable right to redress against the conduct of the defendant. The defendant's conduct in receiving goods he knows to be stolen inherently implies that they may be from multiple owners or locations. '[M]ultiple sentences for a single act committed against multiple victims is permissible where the offense is defined in terms of conduct toward 'another as such offenses are of dissimilar import; the import being each person affected.' *State v. Tapscott,* 2012–Ohio–4213, 978 N.E.2d 210, quoting *State v. Jones,* 18 Ohio St.3d 116, 118, 480 N.E.2d 408 (1985). *See also State v. Franklin,* 97 Ohio

St.3d 1, 2002–Ohio–5304, 776 N.E.2d 26, ¶ 48; *State v. Phillips,* 8th Dist. No. 98487, 2013–Ohio–1443, 2013 WL 1461997, ¶ 8–10.”

**{¶49}** In *State v. Cutts,* Fifth Dist. Stark App. No.2008CA000079, 2009–Ohio3563, this Court held,

**{¶50}** “We thus reach the remaining question of whether the convictions of the murder of Davis and the aggravated murder of her unborn child are allied offenses of similar import.

**{¶51}** “Generally, where a defendant commits a crime against two victims, each offense is necessarily committed with a separate animus. See, e.g., *State v. Scheutzman,* Athens App.No. 07CA22, 2008–Ohio–6096, ¶ 12; *State v. Luce* (Dec. 12, 1980), Lucas App.No. L–79–317, 1980 WL 351657. We recognize in the case sub judice that the death of the unborn child resulted from maternal death. However, as we discussed in Appellant's second assigned error, the evidence demonstrated Appellant's complete failure to take any measures to save the unborn child following the fatal injuries to Davis. Therefore, separate animus existed between the murder offense (Davis) and the aggravated murder offense (the unborn child), and we find no reversible error in the trial court's decision not to merge said offenses for sentencing purposes.”

**{¶52}** Herein, Appellant was convicted of the murder of John Davis following his firing a shot into the car, discharging the firearm into the skull of the victim. Appellant was convicted of felonious assault for the bullet wound to the minor child, a separate victim. Accordingly, we find the charges involved different victims and should not merge.

**{¶53}** The second assignment of error is overruled.

{¶54} Appellant's conviction and sentence in the Morgan County Court of Common Pleas is affirmed in part, reversed in part and this matter is remanded for further proceedings.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur