[Cite as *State v. Delvalle*, 2014-Ohio-4389.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101384

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# WILLIAM DELVALLE, JR.

### DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-530611-A

**BEFORE:** Kilbane, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**APPELLANT**

William Delvalle, Jr.
Inmate #590-478
P.O. Box 120
Warren Correctional Institution
Lebanon, Ohio 45036

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1}   In this pro se appeal, defendant-appellant, William Delvalle, challenges the trial court's denial of his motion to "correct void sentence," asserting that his two convictions for felonious assault were allied offenses and, therefore, should have merged for purposes of sentencing.

{¶2}   On November 13, 2009, appellant was indicted pursuant to a five-count indictment.   Count 1 charged him with attempted murder, in violation of R.C. 2903.02(A) and R.C. 2923.02, in connection with an attack on A.P.   Counts 2 and 3 charged him with felonious assault upon A.P., in violation of R.C. 2903.11(A)(1) and R.C. 2903.11(A)(2).   Count 4 charged him with attempted murder, in violation of R.C. 2903.02(A) and 2923.02, in connection with an attack upon M.R.-P.   Counts 5 and 6 charged him with felonious assault upon M.R.-P.   All counts also set forth one- and three-year firearm specifications.

{¶3}   On May 27, 2010, appellant pled guilty to Count 2 (felonious assault upon A.P.) and Count 5 (felonious assault upon M.R.-P.), and one three-year firearm specification.   On June 24, 2010, the trial court sentenced him to eight years on Count 2, to be served consecutively to a seven-year term on Count 5, plus three years for the firearm specification and five years of postrelease control sanctions.   There was no direct appeal from the conviction.

**{¶4}** Approximately four years later, on March 17, 2014, appellant filed a motion to "correct void sentence" arguing that his two convictions for felonious assault should have merged as allied offenses under R.C. 2941.25, and that the trial court committed plain error in failing to consider the issue of merger at the time of sentencing. In opposition, the state argued that there is no merger since each count of the convictions pertain to a separate victim, and that appellant's claims were barred by res judicata. On April 22, 2014, the trial court denied the motion.

**{¶5}** Appellant now appeals, assigning the following errors for our review:

Assignment of Error One

The trial court deviated from the mandates of R.C. 2941.25, when it failed to inquire and determine whether appellant's offenses were allied of similar import. Thus, rendering appellant's sentence as "contrary to law," not authorized by law.

**{¶6}** We review a trial court's determination as to whether offenses should merge under a de novo standard. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

**{¶7}** R.C. 2941.25(A) provides that when a defendant's conduct results in the commission of two or more allied offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A).

**{¶8}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court held that "when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the

accused must be considered." *Id.* at syllabus. The question is whether it is possible to commit one offense and commit the other with the same conduct. If the offenses correspond to such a degree that the conduct of the defendant can constitute the commission of both of the offenses, then the offenses are of similar import. *Id*. at ¶ 48.

{¶9} If the offenses are of similar import, the court must then determine if they were in fact committed by the same conduct — a single act, committed with a single state of mind. *Id.* at ¶ 49. If, however, the commission of one offense could not result in the commission of the other, or if the offenses are committed separately, or if the defendant has a separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Id*.

{¶10} Even where the trial court did not raise the issue of allied offenses at the time of sentencing, it may be reviewed for plain error. *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499, ¶ 36 (8th Dist.). The *Rogers* Court noted, however, that "[s]eparate victims alone established a separate animus for each offense." *Id*. at ¶ 22. The court explained:

> Even where specific facts of the case are unknown, an appellate court can assess whether a claim requires a return to the trial court. For example, cases that assert a claim that the allied-offense issue was not addressed in a silent record may nevertheless fail where the indictment shows the offenses were committed on separate dates or involved separate victims or involve statutes that would require completely separate conduct.

*Id*. at ¶ 26. *Accord State v. Stevens*, 5th Dist. Morgan No. 13AP0003, 2014-Ohio-1703, ¶ 48.

**{¶11}** By application of the foregoing, we note that in this matter, appellant pled guilty to two separate felonious assault charges involving two separate victims. There is, therefore, a separate animus as to each offense, so the trial court was not required to merge the offenses.

**{¶12}** The first assignment of error is without merit.

Assignment of Error Two

The trial court abused its discretion as it maintained continuing jurisdiction to correct a void sentence, but abdicated its duty by dismissing defendant's motion without a hearing, or without providing findings of facts and conclusions of law.

**{¶13}** As an initial matter, we note that we have previously held that a defendant must raise on direct appeal the issue of whether two offenses constitute allied offenses of similar import subject to merger. *State v. Nicholson,* 8th Dist. Cuyahoga No. 100026, 2014-Ohio-607, ¶ 11-12, citing *State v. Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, ¶ 30. "If the defendant does not raise the issue on direct appeal and then attempts to raise the issue in a postconviction motion[1], res judicata applies." *Hough*, citing *State v. Goldsmith*, 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840, ¶ 6. Here, appellant could have raised the issue of merger on direct appeal, but did not do so.

---

[1]A "motion to correct or vacate a sentence" may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal; (2) it sets forth a claimed denial of constitutional rights; (3) it sought to render the judgment void; and (4) seeks a vacation of the judgment and sentence. *State v. Jackson*, 8th Dist. Cuyahoga No. 99929, 2014-Ohio-927, ¶ 16; *State v. Reynolds,* 79 Ohio St.3d 158, 160-161, 1997-Ohio-304, 679 N.E.2d 1131.

Therefore, res judicata applies because the trial court did not err in denying the motion to correct the sentence. *Nicholson*.

**{¶14}** In any event, R.C. 2953.21 also sets forth certain time constraints for filing petitions for postconviction relief. Pursuant to section (A)(2) of the statute, if a defendant does not directly appeal his judgment of conviction, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). The trial court lacks jurisdiction to consider an untimely petition for postconviction relief, unless the untimeliness is excused under R.C. 2953.23(A)(1). *State v. Buennagel,* 2d Dist. Greene No. 2010 CA 74, 2011-Ohio-3413, ¶ 25, citing *State v. West*, 2d Dist. Clark No. 08 CA 102, 2009-Ohio-7057, ¶ 7.

**{¶15}** Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for postconviction relief if (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new right that applies retroactively to his situation.

**{¶16}** In this matter, the motion was filed well beyond the 180-day time period, and the untimeliness is not excused. *Accord State v. Thomas*, 2d Dist. Darke No. 2013-CA-11, 2014-Ohio-2666, in which the court held:

> In addition, Thomas failed to demonstrate that he was permitted to file an untimely petition under R.C. 2953.23(A)(1). Specifically, he did not allege that he was unavoidably prevented from discovering the facts underlying the claims in his petition, which were: (1) the trial court failed to merge

allied offenses of similar import at sentencing; (2) the trial court imposed consecutive sentences without making the required findings under R.C. 2929.14(C)(4); and (3) his guilty plea was not knowingly and voluntarily made. We fail to see how Thomas was prevented from discovering the facts underlying these claims given that he was present at his plea and sentencing hearings. As a further matter, the United States Supreme Court has not recognized a new right that applies retroactively to his situation. Accordingly, the trial court lacked jurisdiction to rule on Thomas's petition based on its untimeliness.

*Id*. at ¶ 14.

**{¶17}** In short, since the record and motion clearly demonstrated that there are two separate victims for each offense, the merger issue was without merit and the trial court did not abuse its discretion in denying the petition without holding a hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

**{¶18}** The second assignment of error is therefore without merit.

**{¶19}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR